**ONE 1985 CADILLAC AUTOMOBILE VIN 1G6CD6983F4344150 (MUNRO), Appellant,**

v.

**The STATE of Texas, State.**

No. 2-89-260-CV.

Court of Appeals of Texas, Fort Worth.

March 19, 1991.

Law Office of Moore & Moore and Larry Moore, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Christina Harrison, Asst. Dist. Atty., for State.

Before WEAVER, C.J., and JOE SPURLOCK, II and HILL, JJ.

OPINION

HILL, Justice.

Gloria D. Munro appeals from a judgment of forfeiture in favor of the State of

Texas forfeiting her 1985 Cadillac automobile. Trial was to the court. Gloria's husband, Douglas E. Munro, was a defendant below but has not appealed the judgment. In three points of error, Gloria asserts that the evidence is insufficient to support the forfeiture and that the trial court erred by not returning personal property that was in the Cadillac but was not included in the forfeiture. The forfeiture proceeding occurred in June, 1989, and was governed by the former Controlled Substances Act, TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 5.03, *amended by* Act of June 3, 1985, 69th Leg., R.S., ch. 227, sec. 11, 1985 Tex. Gen.Laws 1102, 1123–24 *repealed and recodified by* Act of June 14, 1989, 71st Leg., R.S., ch. 678, secs. 1, 13, 1989 Tex.Gen. Laws 2943–44, 3165 (repealed and recodified 1989) (current version at TEX.CODE CRIM.PROC.ANN. art. 59.02 (Vernon Supp.1991)).

We affirm because the evidence is sufficient to demonstrate that the offenses involved were felony offenses and that Gloria, the owner of the vehicle, consented to and was privy to those offenses. We further hold that the trial court did not err in forfeiting the mobile telephone that was in part attached to the vehicle and that was used in the furtherance of the underlying crime.

■ Gloria asserts in points of error numbers one and two that the evidence is insufficient to support the forfeiture because it does not demonstrate that any offense punishable as a felony under the Controlled Substance Act was committed that would allow forfeiture, and it does not demonstrate that Gloria was a consenting party or privy to an offense that would allow forfeiture.

Article 4476–15, section 5.03 provided for the forfeiture of a vehicle such as the Cadillac that was used or intended for use to transport or in any manner facilitate the transportation, sale, receipt, possession, concealment, or delivery of any illegal controlled substances or certain other items connected with controlled substances. It further provided that property is not subject to forfeiture if the owner of the property establishes that the act that would otherwise make the property subject to forfeiture was committed without the owner's consent. A conveyance used by a person other than the owner of the conveyance or person in charge of the conveyance was not subject to forfeiture under the act unless the owner or other person in charge of the conveyance was a consenting party or privy to a felony under this chapter.

At approximately 7:30 p.m. on March 22, 1989, Officers Lori Kohler and Bobby Beasley of the City of Grapevine, who had been assigned to the Tarrant County Narcotics Task Force, met Doug and Gloria Munro in a bank parking lot adjacent to the Airport Freeway. The Munroes were in the Cadillac. Doug was driving and Gloria was in the passenger seat. The officers purchased 54.55 grams of marijuana from Doug for $150, then discussed the purchase of cocaine. Doug wanted the officers to pay for the cocaine in advance, but they refused. Doug and Gloria discussed how much money they had between them. Officer Kohler testified that Gloria said "that she had on several occasions gone to the supplier herself and that it was a rough part of town and that she would—she and Doug would pool their money in order to get me a sample of the cocaine."

At about 9:30 p.m. at the same location, the officers met the Munroes again. Doug got out of the Cadillac and delivered .22 grams of cocaine to the officers for $50.

We hold that this evidence is sufficient to show that a felony was committed that would support forfeiture and to show that Gloria was a consenting party and was privy to the offense.

■ Gloria's argument that the evidence did not show the commission of a felony is not based on an argument that the offenses shown were not felonies, but that the trial court did not formally take judicial notice that they were felonies. We know of no requirement that a trial court in making a legal determination formally take judicial notice of our state's statutes, and Gloria has not provided us with any such requirement. The delivery of 54.55 grams of marijuana is a third degree felony under

article 4476–15, section 4.05(d) and (e), while the delivery of .22 grams of cocaine is a first degree felony under article 4476–15, sections 4.02(b)(3)(D) and 4.03(a) and (b)(1). Gloria's counsel virtually conceded at the hearing on motion for new trial that the weights of the controlled substances were sufficient to constitute the act of delivery of those substances as a felony.

We also hold that the evidence shows that Gloria consented to and was privy to the commission of the felony. Although Gloria testified that she did not participate in either the sale of the marijuana or the cocaine, as we have noted she was present at both sales and there was evidence that she participated in the discussion concerning the cocaine sale. We overrule points of error numbers one and two.

■ Gloria urges in point of error number three that the trial court erred by denying her motion for the return of her mobile telephone system that was in the Cadillac and was not included in the forfeiture. Although it is possible to remove the system, all portions of it are either permanently attached to the Cadillac or plugged into a bracket that is permanently attached. There was also testimony that the phone was used in connection with the drug offenses.

Both parties rely on the case of *U.S. v. One 1978 Mercedes Benz, Four–Door Sedan*, 711 F.2d 1297 (5th Cir.1983). That case also involved an effort to forfeit a portable telephone. The applicable portion of the Federal forfeiture statute is substantially the same as that of the Texas statute. The Court discussed the law of fixtures and held that if the item was attached after the manufacture of the vehicle, the issue is whether it was affixed to the vehicle with the intent that it remain permanently affixed and whether the item was used in furtherance of the underlying crime. *Id.* at 1304.

The Court gave several possible bases for determining such an intent: (1) where and how the item is affixed; (2) whether it is necessary for the vehicle's operation; (3) whether the item is one that is customarily installed at the time of manufacture; (4) whether the vehicle owner regularly removes the item; (5) whether it would be difficult to remove the object; (6) whether removal would damage the vehicle; and (7) whether the item has an identity or use separate from its function when attached to or placed in the vehicle. *Id.* at 1305.

As we have noted, the handset plugs into a bracket that is bolted to the interior of the vehicle, the transceiver plugs into a bracket similarly attached to the trunk, and the antenna is attached to the vehicle's windshield. Obviously, the telephone is not necessary for the operation of the vehicle. It is not an item customarily installed at the time of the manufacture of vehicles. It would be difficult to remove the antenna and the brackets, but not the handset and the transceiver. Gloria testified that she did take the phone out when she left the vehicle. There is no testimony as to whether removal would damage the vehicle. The telephone has an identity and use separate from its function when attached to and placed in this vehicle.

With respect to the issue of the use of the item in connection with the underlying crime, the Fifth Circuit in *One 1978 Mercedes Benz* said that if the evidence showed that the item was used in furtherance of the underlying crime, that fact should weigh heavily in the trial court's decision to forfeit the item as a part of the contraband-condemned vehicle. *Id.* In its decision, the Court balanced all of the considerations that we have discussed, including the fact that in that case there was no evidence that the telephone was used in the furtherance of the underlying crime, and upheld a trial court's decision not to forfeit the telephone.

In this case there is evidence that the telephone was used in the underlying crime. Considering all the factors we have discussed, and weighing heavily the fact that the telephone was used in furtherance of the underlying crime, we hold that the trial court did not err in forfeiting Gloria's mobile telephone as a part of the vehicle. We overrule point of error number three.

The judgment of forfeiture is affirmed.